22-6277
Zhang v. Garland

BIA
Sichel, IJ
A205 863 944

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-four.

PRESENT:
JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
    *Circuit Judges.*

_____

LI ZHANG,
    *Petitioner*,

v.                                                          22-6277
                                                            NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:          Thomas V. Massucci, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Zhang, a native and citizen of the People's Republic of China, seeks review of a May 16, 2022 decision of the BIA affirming a May 16, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Zhang*, No. A205 863 944 (B.I.A. May 16, 2022), *aff'g* No. A205 863 944 (Immigr. Ct. N.Y. City May 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-

2

finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Zhang was not credible as to her claim that family planning officials forced her to be sterilized in China. "An IJ may, either expressly or impliedly," discredit an applicant's testimony and evidence under "the maxim *falsus in uno*, *falsus in omnibus* [false in one thing, false in everything]." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (internal quotation marks omitted) (citation omitted). The IJ appropriately did so here because Zhang admitted that statements she made under oath—including during both her airport and credible fear interviews—regarding her family planning procedures were not true. Moreover, there were inconsistencies between her credible fear interview and her asylum application. The IJ was not required to credit her recantation of these statements or her explanation that a smuggler told her to lie. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (citations omitted)).

Having questioned Zhang's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in finding that a medical report confirming that Zhang had been sterilized did not establish that the procedure was involuntary and thus did not overcome her conflicting statements on the matter. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight

3

afforded to an alien's documentary evidence."). The agency also did not err in declining to afford weight to a letter from Zhang's mother-in-law because it was unsworn, and her mother-in-law was an interested party who did not claim to be a first-hand witness to the relevant events. *See id.* (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness). Zhang's remaining evidence did not corroborate the alleged persecution.

Zhang's admission that she lied under oath and her lack of reliable corroborating evidence constitutes substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe*, 480 F.3d at 170–71. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4